FILED

2018 JUL 30  PM 3:45

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

DAVID D. HALL,
430 N. Broadway,
Geneva, Ohio 44041,

        Plaintiff,

    -vs-

MADISON TOWNSHIP
POLICE DEPARTMENT,
2065 Hubbard Road,
Madison, Ohio 44057,

    and

MADISON TOWNSHIP TRUSTEES,
2065 Hubbard Road,
Madison, Ohio 44057,

    and

MATTHEW J. GOSNIK,
2065 Hubbard Road,
Madison, Ohio 44057,

    and

LAKE COUNTY SHERIFF'S DEPARTMENT,
104 E. Erie Street,
Painesville, Ohio 44077,

    and

LAKE COUNTY BOARD OF
COMMISSIONERS,
105 Main Street,
Painesville, Ohio 44077,

    and

---

18CV001206
RICHARD L. COLLINS JR

**COMPLAINT FOR MONEY
DAMAGES AND OTHER
RELIEF**

[Jury Demand Endorsed Hereon]

JOHN/JANE DOES 1-3, Police Officers          :
officially and individually,                 :
c/o Madison Township Police Department,          :
2065 Hubbard Road,                           :
Madison, Ohio 44057,                         :
                                             :
          and                                :
                                             :
                                             :
JOHN/JANE DOES 4-6, Deputies                 :
officially and individually,                 :
c/o Lake County Sheriff's Department,        :
104 E. Erie Street,                          :
Painesville, Ohio 44077,                     :
                                             :
                                             :
          Defendants.                        :

Now comes Plaintiff David D. Hall, by and through undersigned counsel, and for

his Complaint against Defendants Madison Township Police Department, Madison

Township Trustees, Lake County Sheriff's Department, Lake County Board of

Commissioners, Matthew J. Gosnik, and John/Jane Does 1-6, Police Officers, jointly

and severally, state as follows:

## JURISDICTION AND VENUE

1.      At all times relevant hereto, Plaintiff David D. Hall (hereinafter referred to as

the "Plaintiff") is a United States citizen who domicile is located at 430 N. Broadway,

Geneva, Ohio 44041, Lake County, State of Ohio.

2.      Based upon information and belief, Defendants Madison Township Police

Department, Madison Township Trustees, Lake County Sheriff's Department, Lake

County Board of Commissioners are duly authorized, mandated, and/or incorporated

political subdivision of the County of Lake and/or State of Ohio located in the County of

Lake, State of Ohio.

2

3.      Based upon information and belief, Defendant Matthew J. Gosnik and Defendants John/ Jane Does 1-6, police officers and/or deputies (hereinafter referred to as "Defendants Officers") were, at all relevant times herein, officers, deputies, employees, agents, representatives or otherwise and/or duly authorized and/or commissioned and acting police officers and/or deputies for Defendants Madison Township Police Department, Madison Township Trustees, Lake County Sheriff's Department, Lake County Board of Commissioners; however certain individual names and addressed are unknown and could not be reasonably and/or duly discovered prior to institution of action.

4.      The Defendants and/or their respective employees, agents, representatives, contractors, and/or otherwise are not immune, whether in whole or in part, pursuant to the Political Subdivision Tort Liability Act, Ohio Revised Code Section 2744 et seq., including, but not limited to the negligent performance of acts by its employees, agents, representatives, contractors, and/or otherwise with respect to its proprietary functions and civil liability and otherwise imposed by law, code, regulation, and/or otherwise.

5.      All and/or sufficient acts complained of herein occurred within this Court's jurisdiction; to wit:  the County of Lake, State of Ohio.

6.      Venue in this Court is proper and authorized pursuant to and in accordance with Rule 3(B) and other applicable law, rules and regulations and the Plaintiff has exhausted any and all necessary and required administrative remedies.

3

## INTRODUCTORY FACTS

7. Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 6, inclusive, of the Plaintiff's Complaint, as if fully rewritten herein.

8. On or about February 2, 2017, while at the Wagon Wheel bar located at 1388 Hubbard Road celebrating the Plaintiff's birthday, the truck of Mr. Beller was allegedly stolen so the men were attempting to walk to a friend's home because they were locked out of the bar and no one had a phone to call for a ride home.

9. At approximately 2:49 a.m., Officer Matthew J. Gosnik from Defendant Madison Village Police Department to the area of the Madison Fire Station, No. 2 around 1741 Hubbard Road.

10 At the scene, Officer Gosnik claims to have discovered three (3) males walking; to wit: Mitchell Beller, Christopher Decapua, and the Plaintiff.

11. It was later discovered by the Defendants that Mr. Mitchell had driven his truck with the Plaintiff and Mr. Decapua, but crashed the truck while the Plaintiff was in the rear passenger seat.

12. With neither reasonable suspicion nor probable cause, Officer Gosnik arrested the Plaintiff for "disorderly conduct".

13. While being arrested, placed in the police cruiser, and elsewhere, Officer Gosnik and other police officers and Lake County Sheriff's Deputies used excessive force and the Plaintiff was unduly, improperly, and unconstitutionally injured and damaged as a direct and proximate result thereof.

4

14.     If the Plaintiff was as intoxicated as the Defendants claimed, the Defendants failed to handle and treat the Plaintiff accordingly.

15.     The Plaintiff was also unduly, improperly, and unconstitutionally left in the jail cell without treatment or observation; thus, he was injured and damaged as a direct and proximate result thereof.

16.     The Plaintiff was also unduly, improperly, and unconstitutionally not booked and processed until he was prepared to leave.

17.     The Defendants unduly, improperly, and unconstitutionally failed and/or refused to allow the Plaintiff to seek medical observation, treatment, care or otherwise and failed and/or refused to take him to the hospital for the same.

18.     The Defendants engaged in an unwarranted, unconstitutional, and improper intrusion and invasion of the Plaintiff's right to privacy, right to freedom of movement, and/or otherwise.

19.     During all relevant times herein, each Defendant, jointly and severally, acted and/or failed to act intentionally, willfully, wantonly, recklessly, and/or negligently, and without good faith, engaged in conduct.

20.     During all relevant times herein, the Defendants intentionally, willfully, wantonly, recklessly, and/or negligently, and without probable cause, engaged in conduct described in detail hereinafter, under color and pretense of law, to wit:   the deprivation of the Plaintiff's individual and collective rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and the Constitution and laws of the State of Ohio.

21.     During all relevant times herein, the Defendants, acting under the color and pretense of law, directly and proximately causing the injuries and damages of

5

and/or to the Plaintiff, executed governmental policy and/or custom and/or officially sanctioned, ordered, ratified, and/or failed to properly instruct, train, employ, retain, or otherwise, the relevant conduct of the officers of the Defendants officers and deputies.

22.     The Plaintiff was physically injured by the Defendants including, but not limited to, the body, neck, shoulders, arms, sides, back, head, and face areas as a direct and proximate result of the actions of the Defendants.

23.     As a direct and proximate result of the acts, errors, omissions, negligence, and/or the reckless and/or intentional conduct of the Defendants, alone and/or in conjunction with one another, the Plaintiff suffered multiple injuries.

24.     As a direct and proximate result of the conduct of the Defendants, jointly and severally, the Plaintiff has suffered physical damages, including, but not limited to, great mental anguish, loss of liberty, fright, humiliation, and loss of privacy, he was deprived of his Constitutional rights.

25.     Defendants Madison Police Department, Madison Village Council, Lake County Sheriff's Department, and/or Lake County Board of Commissioners were responsible for the training, supervision and/or commission of the Defendants officers and deputies, and were also responsible for the business' policies, instructions, and employee conduct.   Accordingly, these Defendants executed policy and/or custom and/or officially and/or personally sanctioned, ordered, ratified, and/or failed to properly instruct, train, employ, retain, or otherwise, the relevant tortuous, illegal, and unconstitutional acts and behavior of these officers.

## COUNT ONE

## 42 U.S.C. §1983

26.     Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 25, inclusive, of the Plaintiff's Complaint, as if fully rewritten herein.

27.     Without probable or just cause or reasonable suspicion or good faith evidence, the Defendants arrested the Plaintiff, physically forced and assaulted him, restrained the Plaintiff and his freedoms, verbally and/or physically harassed the Plaintiff, among other unconstitutional, illegal, improper, and otherwise tortuous conduct.

28.     At all times relevant, despite the allegations of the Defendants, the Plaintiff did not make any substantive threatening gestures or exhibited any violent or otherwise resistive behavior toward Defendants and the Plaintiff complied with the commands of the officers in question.

29.     Immediately after being handcuffed, and several times thereafter, the Defendants caused significant pain and suffering to the Plaintiff and failed and/or refused to allow the Plaintiff to seek medical attention, observation, care, and/or treatment.

30.     Said use of excessive and unnecessary force, search, seizure, and destruction deprived the Plaintiff of his Constitutional rights to bodily security and liberty protected by the Fourteenth Amendment to the United States Constitution and was an unreasonable physical seizure of the Plaintiff protected by the Fourth Amendment to the Constitution of the United States, and corresponding Ohio Constitution.

7

31.     As a direct and proximate result of the conduct of the Defendants, jointly and severally, the Plaintiff has suffered physical injury to parts of his body requiring past, present and future treatment and the Plaintiff has suffered great mental anguish and humiliation.

32.     As a direct and proximate result of the conduct of the Defendants, jointly and severally, the Plaintiff has suffered physical damages, including, but not limited to, great mental anguish, loss of liberty, fright, humiliation, and loss of privacy, and was deprived of his Constitutional rights.

33.     The Plaintiff seeks relief pursuant to Title 42, Section 1983 and 1988 of the United State Code by and through the deprivation of the rights, privileges, or immunities of the Plaintiff secured by the Constitution and laws.

34.     As a direct and proximate result of the Defendants' joint and separate conduct, the Plaintiff has suffered other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

35.     Based upon the foregoing, the Plaintiff is entitled to an award of punitive damages as the Defendants' aforementioned conduct and/or failures to act were malicious and/or characterized by hatred, ill will and/or a spirit of revenge and/or Defendants had a conscious disregard for the rights and safety of the Plaintiff which had a great probability of causing substantial harm to him.

## COUNT TWO

### Assault - Battery

36.     Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 35, inclusive, of the Plaintiff's Complaint, as if fully rewritten herein.

37.     The force used against the Plaintiff was unreasonable and therefore constituted an assault and/or battery under the laws of the State of Ohio.

38.     The conduct of the Defendants, jointly and severally, constituted an intentional infliction of personal injury and emotional distress upon the Plaintiff.

39.     As a direct and proximate result of the conduct of the Defendants, jointly and severally, the Plaintiff has suffered physical injury to parts of his body requiring past, present and future treatment and/or surgery, as well as great mental anguish and humiliation.

40.     As a direct and proximate result of the Defendants' conduct, joint and several, as set forth above, the Plaintiff has suffered incidental, consequential, and compensatory damages.

41.     As a direct and proximate result of the conduct of the Defendants, jointly and severally, the Plaintiff has suffered physical damages, including, but not limited to, great mental anguish, loss of liberty, fright, humiliation, and loss of privacy, and was deprived of his Constitutional rights.

42.     As a direct and proximate result of the Defendants' joint and separate conduct, the Plaintiff has suffered other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

9

43. Based upon the foregoing, the Plaintiff is entitled to an award of punitive damages as the Defendants' aforementioned conduct and/or failures to act were malicious and/or characterized by hatred, ill will and/or a spirit of revenge and/or Defendants had a conscious disregard for the rights and safety of the Plaintiff which had a great probability of causing substantial harm to him.

## COUNT THREE

### False Arrest - Imprisonment

44. Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 43, inclusive, of the Plaintiff's Complaint, as if fully rewritten herein.

45. Based upon the foregoing, the Defendants intentionally, maliciously and/or recklessly completely confined the Plaintiff within a limited area, for any appreciable time, without lawful privilege or the Plaintiff's consent, and imposed by force.

46. As a direct and proximate result of the conduct of the Defendants, jointly and severally, the Plaintiff has suffered physical injury to parts of his body requiring past, present and future treatment and/or surgery, and he has suffered great mental anguish and humiliation.

47. As a direct and proximate result of the Defendants' conduct, joint and several, as set forth above, the Plaintiff has suffered incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact.

48. As a direct and proximate result of the conduct of the Defendants, jointly and severally, the Plaintiff has suffered physical damages, including, but not limited to, great mental anguish, loss of liberty, fright, humiliation, and loss of privacy, and the Plaintiff was deprived of his Constitutional rights.

49.     As a direct and proximate result of the Defendants' joint and separate conduct, the Plaintiff has suffered other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

50.     Based upon the foregoing, the Plaintiff is entitled to an award of punitive damages as the Defendants' aforementioned conduct and/or failures to act were malicious and/or characterized by hatred, ill will and/or a spirit of revenge and/or Defendants had a conscious disregard for the rights and safety of the Plaintiff which had a great probability of causing substantial harm to him.

## COUNT FOUR

### Intentional Infliction of Emotional Distress

51.     Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 50, inclusive, of the Plaintiff's Complaint, as if fully rewritten herein.

52.     Based upon the foregoing, the Defendants, jointly and severally, by extreme and outrageous conduct, intentionally, maliciously and/or recklessly caused severe emotional distress to the Plaintiff by the aforementioned acts and other conduct and acts to be adduced at trial.

53.     The conduct of the Defendants, jointly and severally, constituted an intentional infliction of personal injury and emotional distress upon the Plaintiff.

54.     Defendants intended to cause and/or recklessly caused emotional distress and/or knew or should have known that their joint and separate actions taken would result in serious emotional distress to the Plaintiff.

55.     Each Defendant's conduct was as extreme and outrageous as to go

11

beyond all possible bounds of reason and decency and was such that it can be considered as utterly intolerable in a civilized community.

56.     The Plaintiff's injuries and/or damages were and remain serious and of a nature that no reasonable person could be expected to endure it.

57.     As a direct and proximate result of the conduct of the Defendants, jointly and severally, the Plaintiff has suffered physical damages, including, but not limited to, great mental anguish, loss of liberty, fright, humiliation, and loss of privacy, and the Plaintiff was deprived of his Constitutional rights.

58.     As a direct and proximate result of the Defendants' joint and separate conduct, the Plaintiff has suffered other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

59.     Based upon the foregoing, the Plaintiff is entitled to an award of punitive damages as the Defendants' aforementioned conduct and/or failures to act were malicious and/or characterized by hatred, ill will and/or a spirit of revenge and/or Defendants had a conscious disregard for the rights and safety of the Plaintiff which had a great probability of causing substantial harm to him.

### COUNT FIVE

### Negligence

60.     Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 59, inclusive, of the Plaintiff's Complaint, as if fully rewritten herein.

61.     Each Defendant owed a duty to the Plaintiff including, but not limited to, the exercise of ordinary care.

62.     Based upon the foregoing acts and behavior of the joint and collective Defendants, each Defendant materially and substantially breached said duties of care.

63.     As set forth herein, each Defendant caused a condition and/or allowed a condition to exist that was foreseeably and/or substantially likely to cause injury to the Plaintiff.

64.     As a direct and proximate result of the negligence of the Defendants, jointly and severally, the Plaintiff has suffered great mental anguish.

65.     As a direct and proximate result of the Defendants' negligence, jointly and several, the Plaintiff has suffered incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact.

66.     As a direct and proximate result of the Defendants' joint and separate negligence, the Plaintiff has suffered other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

67.     Based upon the foregoing, the Plaintiff is entitled to an award of punitive damages as the Defendants' aforementioned conduct and/or failures to act were malicious and/or characterized by hatred, ill will and/or a spirit of revenge and/or Defendants had a conscious disregard for the rights and safety of the Plaintiff which had a great probability of causing substantial harm to him.

### COUNT SIX

### Employer Liability

68.     Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 67, inclusive, of the Plaintiff's Complaint, as if fully rewritten herein.

13

69.     Defendants Madison Police Department, Madison Village Council, Lake County Sheriff's Department, and/or Lake County Board of Commissioners was responsible for the training, supervision and/or commission of the Defendants officers and/or deputies and were also responsible for the business' policies, instructions, and employee conduct.  Accordingly, each said Defendant executed policy and/or custom and/or officially and/or personally sanctioned, ordered, ratified, and/or failed to properly instruct, train, employ, retain, or otherwise, the relevant tortuous conduct of Defendants officers and/or deputies.

70.     During all relevant times herein, each Defendant, jointly and severally, acted and/or failed to act intentionally, willfully, wantonly, recklessly, and/or negligently, and without good faith, engaged in conduct described in detail hereinafter.

71.     Each said Defendant trained, encourage, permitted, and/or ratified its employee, agents, and/or representatives to treat citizens in a manner that was designed to intimidate, physically injure, or otherwise violate the rights and safety of citizens, including Plaintiff.

72.     As a direct and proximate result thereof, the Plaintiff has suffered other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

**WHEREFORE**, Plaintiff David D. Hall prays for judgment against Defendants Madison Township Police Department, Madison Township Trustees, Lake County Sheriff's Department, Lake County Board of Commissioners, Matthew J. Gosnik, and John/Jane Does 1-6, Police Officers and/or Deputies, jointly and severally, as follows:

1.     On each count as applicable, compensatory, incidental, and consequential damages against the Defendants, jointly and severally, in an amount to be determined

14

at trial which will fully, fairly and justly compensate Plaintiff for the aforementioned damages, losses, and injuries, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

     2.     On each count as applicable, punitive damages against the Defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), but to be determined at trial.

     3.     Reasonable attorney fees as mandated and/or permitted by statute, ordinance, regulation, or other applicable law or equitable principal of law.

     4.     Costs of this action.

     5.     Any and all other relief, which this Honorable Court deems just and equitable or to which the Plaintiff is entitled by law and/or by equity.

Respectfully submitted,

DAVID N. PATTERSON (0015280)
KAREN L. HUMMEL (0088982)
Attorneys for Plaintiff
30432 Euclid Avenue, Suite 101
Willoughby Ohio 44094
440.516.1010
440.516.1011 Fax
khummel@kurtlawoffice.com

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues, claims, and defenses and of the maximum number of jurors, as permitted by law.

DAVID N. PATTERSON (0015280)
KAREN L. HUMMEL (0088982)
Attorneys for Plaintiff

15

FILED

2018 JUL 30  PM 3:48

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

Maureen G. Kelly
Clerk Of Common Pleas Court
Lake County Courthouse West Annex, 25 North Park Place
Painesville OH 44077
440-350-2657

In The Court Of Common Pleas
General Division
Lake County, Ohio

18CV001206

RICHARD L. COLLINS JR

Caption: DAVID D. HALL

vs.

MADISON TOWNSHIP POLICE DEPT, et al

Instruction For Service
(General)

To The Clerk:

You are hereby instructed to serve the following parties by

_____ Regular Mail

__X_____ Certified Mail

_____ Sheriff Of County          ( ) Residence          ( ) Personal

_____ Process Server

With the following paper

__X_____ Regular Summons (28 Days)

_____ Amended Complaint Summons

_____ Answer and Counterclaim or Third Party Summons

_____ Other:

                    _____ With Journal Entry

                    _____ Without Journal Entry

Name of pleadings: Complaint for Money Damages and Other Relief

_____

_____

Name and Address

Party  **See attached list _____

Party _____

Party _____

Party _____

Prepared By: Karen L. Hummel

Address: 30432 Euclid Avenue, #101

            Wickliffe, OH 44092

Telephone 440-516-1010

**Instructions for Service**

Name and Address

Party: <u>Madison Township Police Department, 2065 Hubbard Road, Madison, OH 44057</u>

Party: <u>Madison Township Trustees, 2065 Hubbard Road, Madison, OH 44057</u>

Party: <u>Matthew J. Gosnik, 2065 Hubbard Road, Madison, OH 44057</u>

Party: <u>Lake County Sheriff's Department, 104 E. Erie Street, Painesville, OH 44077</u>

Party: <u>Lake County Board of Commissioners, 105 Main Street, Painesville, OH 44077</u>

Party: <u>John/Jane Does 1-3, c/o Madison Township Police Department, 2065 Hubbard Road, Madison, OH 44057</u>

Party:  <u>John Jane Does 4-6, c/o Lake County Sheriff's Department, 104 E. Erie Street, Painesville, OH 44077</u>

**COMMON PLEAS COURT**
**LAKE COUNTY, OHIO**
Case Designation Form Loc. R II(C)(1)

FILED

**For all cases except F**

DAVID D. HALL        2018 JUL 30  PM 3:45   Case No. _   **18CV001206**
         VS                                              **RICHARD L. COLLINS JR**
MADISON TOWNSHIP POLICE DEPT et al   Judge _
MAUREEN G. KELLY
CLERK OF COURT
LAKE CO.

Per LOC R. II (C)(3), refiling of cases previously dismissed under Civ. R. 41 must have a designation upon the face of the complaint that the action is being refiled.  The word "REFILING" must appear in upper case letter under the word "COMPLAINT".  Directly beneath the word "REFILING" the complaint shall identify the case number of this dismissed action.  **Former Case no.** _____

### Case Categories (Mark one category only)

**Administrative Appeal** (Specific ORC Sec.)      Section _____

**Consumer Sales Practices**: Actions commenced under applicable section of ORC Chapters: 109, 1315, 1317, 1321, 1322, 1333, 1334, 1345, 1349, 3953, 4505, 4549, 4710, 4712, 4719, 4775, 4905 or 5311

_____**Contract or Quasi Contract**
_____**Criminal**
_____**Declaratory Judgment**
*See Foreclosure Case Designation Form*
_____**Foreign Judgment**
_____**Malpractice** (specify) _____
_____**Credit Card** (CI)
_____**Personal Injury**
_____**Product Liability**
_____**Professional Tort**
_____**Provisional Remedy** (Replevin, Attachment, Garnishment)
_____**Workers Compensation**
_____**Other Tort** _____
__X__ **Other Civil** 42 USC Section 1983, Assault, False Arrest, IIED, Negligence, Employer Liability

The designation "money only" may not be used if one of the above specific categories is applicable.  Further, the caption shall note any statutory provision that is unique to the particulate cause and controls the time within which the case is to proceed, once filed.  (EX. Miscellaneous – Contest of Election (ORC Section 3515.10 – Hearing within 30 days.)

Revised Code Section unique to this particular cause which controls the time within which the case is to proceed: 2305.10 (civil rights under 42 USC Section 1983) _____

_____  **Signature**

David N. Patterson 0015280/Karen L. Hummel 0088982   **Printed name & Registration No.**

Kurt Law Office                                        **Firm name**

30432 Euclid Avenue, Suite 101, Wickliffe, OH 44092   **Address**

440-516-1010                                           **Phone number**

revised 9/27/13 nr

FILED

2018 JUL 30 PM 3:46

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

IN THE COURT OF COMMON PLEAS

LAKE COUNTY, OHIO

DAVID D. HALL,

     Plaintiff

vs.

MADISON POLICE DEPARTMENT, et al.,    :

     Defendants.         :

                             :

**18CV001206**

**RICHARD L. COLLINS JR**

**POVERTY AFFIDAVIT OF DAVID D. HALL**

State of Ohio      )
                 ) ss
County of _Ashtabula_)

     Plaintiff, DAVID D. HALL, being first duly cautioned and sworn, according to law, deposes and states as follows:

1. Affiant states that he is the Plaintiff in the above-captioned matter and that he is competent to testify to the matters set forth herein.

2. Affiant further states that he is currently unemployed, and that he has no source of income.

3. Affiant further states that he does not own real estate or an automobile.

4. Affiant further states that he is unable to give security or a cash deposit to secure the costs of filing this Complaint.

5. Affiant further states that he is aware of the penalties for perjury under O.R.C. 2621.11.

     AFFIANT FURTHER SAYETH NAUGHT.

Sworn to and subscribed in my presence by DAVID D. HALL, this $\underline{25}$ day of July 2018,

at ___Ashtabula___County, Ohio.

_____

DAVID D. HALL, Plaintiff

KAREN L. HUMMEL
Attorney At Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.

_____

Notary Public

My Commission Expires: ___N/A___

KAREN L. HUMMEL
Attorney At Law
NOTARY PUBLIC
STATE OF Ohio
My Comm. Has
No Exp. Date
Section 147.03 R.C.

# MAUREEN G. KELLY

## CLERK OF COURTS

### Lake County Common Pleas Court

### <u>ATTENTION ALL PARTIES TO THE CASE</u>

**Whether you are represented by an Attorney or representing yourself in this Legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.**

**Pre-trial orders and procedures are available on our website at**

<u>www.lakecountyohio.gov/coc</u>

**Select DOWNLOADS**

**Scroll to PRE-TRIAL ORDERS**

**Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.**

**If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.**

**Maureen G. Kelly, Clerk of Courts**
Revised 7/1/2013 Pretrial orders