UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID D. HALL, | ) |
| | ) CASE NO.1:18-CV-01999 |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| | ) |
| vs. | ) MEMORANDUM OPINION |
| | ) |
| MADISON POLICE DEPARTMENT, | ) |
| et al, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on Defendants Lake County Sheriff's Department and Lake County Board of Commissioners' Motion to Dismiss Plaintiff David D. Hall's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF #3). Plaintiff has not filed a response to Defendants' motion. For the reasons set forth herein, Defendants' Motions to Dismiss (ECF #3) is GRANTED.

## LAW AND ANALYSIS

Rule 12(b) of the Federal Rules of Civil Procedure provides that "a party may assert the following defenses by motion: ... (6) failure to state a claim upon which relief can be granted...." The procedure for considering a motion to dismiss under Rule 12(b)(6) is well established: "When deciding a motion brought pursuant to Fed.R.Civ.P. 12(b)(6), the inquiry is essentially limited to the content of the complaint....The Court must accept all the allegations stated in the complaint as true, while 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Almendares v. Palmer*, 284 F.Supp.2d 799, 802 (N.D. Ohio 2003) (internal citations omitted), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Rule 8 of the Federal Rules of Civil Procedure provides that: "(a) Claim for Relief. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction...(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought..." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) the Supreme Court held that to avoid dismissal, "factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level..." *Id.* at 570. To establish the factual plausibility required to "unlock the doors of discovery," a plaintiff cannot rely on "legal conclusions" or "threadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009).

"Conclusory allegations of collective, unspecified, and undifferentiated wrongdoing is [sic] not sufficient: 'vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts' fails to satisfy the *Iqbal/Twombly* standard." *Kurek v. Ohio Department of Development Disabilities*, Case No. 3:16CV623, 2017 WL 1555930 (N.D. Ohio Western Division) quoting *Lewis v. County of San Diego*, 2014 WL 3527719, *6 (S.D. Cal.); see also *Rivera-Nazario v. Corporacion del Fodo del Seguro del Estado*, 2015 WL 5254417, *15 (D.P.R.)("[p]laintiffs were not allowed to lump Defendants together without pleading individualized facts"); *Grant v. AC Mortg. Copr.*, 2010 WL 2509415, *3 (E.D. Cal.) (complaint that "lumps all defendants together is plainly insufficient under the pleading requirements of Federal Rule of Civil Procedure 8").

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the

case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

In this case, Plaintiff fails to allege specific factual allegations against the Lake County Defendants. Therefore, Plaintiff has not argued that he has alleged "factual allegations…enough to raise a right to relief above a speculative level" against these Defendants. Plaintiff's allegation that "While being arrested, placed in the police cruiser, and elsewhere, Officer Gosnik and other police officers and Lake County Sheriff's Deputies used excessive force" does not amount to a sufficiently pleaded allegation, but is a legal conclusion that provides no information regarding what actions any Lake County Sheriff's Deputy took or how Lake County was at all involved with the facts surrounding the instant case. For this reason, the Plaintiff has failed to state a claim for relief as to the Lake County Defendants and they are entitled to a dismissal of this action as it relates to them.

## CONCLUSION

Plaintiff fails to provide any grounds for entitlement to relief against Defendants Lake County Sheriff's Department and Lake County Board of Commissioners . For the aforementioned reasons, Defendants' Motions to Dismiss Plaintiff's Complaint are hereby GRANTED. All claims made against Defendants Lake County Sheriff's Department and Lake County Board of Commissioners are DISMISSED with prejudice pursuant to Fed. Civ. R. 12(b)(6). (ECF #3). This action shall continue against Defendant Madison Township Police Department, Defendant Madison Township Trustees, Defendant Officer Matthew J. Gosnik, and Defendants John/Jane Does1-3. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: October 31, 2018